**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IGNACIO DEALBA, JR., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:12-cr-00079-JCM-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** <br><br> (Motion to Suppress - Dkt. #21) |

Before the court is Defendant Ignacio DeAlba, Jr.'s ("DeAlba") Motion to Suppress for Fourth Amendment Violations (Evidentiary Hearing Requested) (Dkt. #21). The motion was referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The court has considered the Motion, the government's Response (Dkt. #23), DeAlba's Reply (Dkt. #24), and the arguments of counsel at a hearing conducted September 11, 2012.

**BACKGROUND**

DeAlba is charged in an Indictment returned March 13, 2012 (Dkt. #1) with felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). The Indictment arises out of a March 20, 2012, traffic stop and arrest by officers of the Las Vegas Metropolitan Police Department ("LVMPD"). Defendant's Motion is supported by the report of Officer Turner which is attached as Exhibit "A" to the Motion. Counsel for Defendant has also attached Exhibit "B," the application for telephonic search warrant obtained by Detective Orth from State Court Judge Tobiasson. DeAlba argues, based on Officer Turner's report, that he was pulled over in a traffic stop without reasonable suspicion. Specifically, Officer Turner's report indicates he conducted a traffic stop on the black Nissan DeAlba was driving because the vehicle's license plate was attached upside down. DeAlba claims that an upside down license plate is not a violation of Nevada law because it is still visible and legible. Any contrary

interpretation would run afoul of the rule of lenity which requires the courts interpret criminal statutes narrowly.  A traffic stop based on a mistaken view of applicable law violates the Fourth Amendment.  He also argues that all tangible and testimonial evidence derived from the unlawful stop and subsequent arrest and search must be suppressed under the fruit of the poisonous tree doctrine.  The motion requested an evidentiary hearing, but did not articulate any disputed facts requiring an evidentiary hearing.

The government opposes the motion arguing Officer Turner conducted a valid traffic stop based on reasonable suspicion.  Officer Turner had reasonable suspicion to conduct a traffic stop of the Defendant's vehicle because the vehicle's rear license plate was displayed upside down in violation of Nevada Revised Statue ("NRS") 482.275.  The statute requires a license plate to be securely fastened and maintained in a condition to be clearly legible.  Although the government did not find a Nevada case construing the statute, a nearly identical statute was construed by a California appellate court in *People v. Duncan*, 160 Cal. Rpt. at 4th (1014), 73 Cal. Rpt. at 3rd, 264 (2008).  There, the defendant challenged the validity of a vehicle stop on the same grounds raised by DeAlba in this motion, *i.e.*, that a license plate displayed upside down was not a violation of state law.  The California appellate court construed nearly identical language contained in NRS 482.275 concluding that a license plate displayed upside down violated California Vehicle Code § 5201.  The government also opposed DeAlba's request for an evidentiary hearing because the motion to suppress did not raise a contested issue of fact affecting the validity of the traffic stop.

DeAlba's reply reiterates arguments that reasonable suspicion may not be based on a mistaken impression of law, and that displaying an upside down license plate is not a violation of the applicable Nevada statute the officer relied upon in conducting the stop.  Because the stop was not based on reasonable suspicion, all tangible and testimonial evidence derived from the stop must be suppressed under the fruit of the poisonous tree doctrine.  The reply also argued that an evidentiary hearing was required to determine whether DeAlba's license plate was "clearly visible" and "clearly legible."  Counsel for DeAlba reasoned that the officer's report indicated that the license plate was upside down.  However, the report also indicates that the license plate was visible and legible enough for Officer Turner to eventually run a records check on the license plate.  The government maintains that the

license plate was not "clearly legible." Therefore, the visibility and legibility of the license plate could only be determined through the testimony of Officer Turner. This is a disputed fact that DeAlba claimed requires an evidentiary hearing.

## DISCUSSION

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. The Fourth Amendment protects reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347 (1967). The Fourth Amendment protects "people not places." *Id*. Evidence obtained in violation of the Fourth Amendment, and evidence derived from it may be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963).

### A.   Evidentiary Hearing

The United States Court of Appeals for the Ninth Circuit has held that an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (*citing United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United States v. Irwin*, 613 F.2d 1182, 1187 (9th Cir. 1980); *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.")). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Howell*, 231 F.3d at 621 (*citing Harris*, 914 F.2d at 933). The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended by* 609 F.2d 433 (1979). Here, the court concludes there are no contested issues of fact that require an evidentiary hearing in this matter, and the court will therefore decide the motion on the moving and responsive papers.

/ / /

1   During oral argument on the motion, the court pressed counsel on whether an evidentiary hearing was required. Counsel for Defendant initially claimed an evidentiary hearing was required because Officer Turner may claim that the license plate was not "clearly legible" for reasons other than it was displayed upside down. DeAlba concedes that the license plate was displayed upside down. He contests whether an upside down license plate is a violation of the applicable Nevada statute forming the basis for the traffic stop. The government stipulated that, the fact that the license plate was displayed upside down was the basis for the traffic stop. Counsel for the government also stipulated that the officer was eventually able to read the license plate upside down, and did so when he called the plate in to police dispatch. Counsel for DeAlba accepted these stipulations and conceded that with these stipulations an evidentiary hearing was not required.

### B.     The Traffic Stop.

Both sides agree that a traffic stop was conducted because the black Nissan the Defendant was driving on the night of his arrest was displayed upside down. The Fourth Amendment prohibition against unreasonable searches and seizures extends to an investigatory stop of a vehicle. *United States v. Sigmond-Ballesteros*, 247 F.3d 943, 946 (9th Cir. 2001). An officer making an investigatory stop of a vehicle "must have at least reasonable suspicion of criminal misconduct before detaining a driver." *United States v. Rojas-Millan*, 234 F.3d 464, 468 (9th Cir. 2000). Reasonable suspicion is defined as "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Rojas-Millan*, at 468-69. If an officer does not have reasonable suspicion to conduct a traffic stop, it violates the Fourth Amendment, and any evidence obtained as a result of the stop must be suppressed as the fruit of the poisonous tree. *United States v. Thomas*, 211 F.3d 1186, 1192 (9th Cir. 2000).

The parties have stipulated that DeAlba was pulled over because the vehicle he was driving displayed an upside down license plate. The government contends an upside down license plate violates NRS 482.275 because an upside down license plate is not "clearly legible." DeAlba maintains that an upside down license plate is not a violation of NRS 482.275 because an upside down license plate can be clearly legible and the officer conducting the stop in this case was eventually able to read the license plate to call it into dispatch. The plain wording of the statute does not require that the

license plate be displayed right-side up and the court should not read such a requirement into the statute. DeAlba concedes that the *Duncan* case construed a California statute that was materially the same as NRS 482.275. However, DeAlba claims the *Duncan* decision is inapposite and insufficient to remedy the ambiguity in the California Vehicle Code section it construed. Additionally, in 2011, the California Legislature amended the California Vehicle Code section to clarify the law. Section 5201 now specifically requires that the characters be displayed upright from left to right. The Nevada Legislature by contrast has not similarly revised its statute to prohibit an upside down license plate. Therefore, the court should apply the rule of lenity and narrowly construe NRS 482.275(4) in Mr. DeAlba's favor.

NRS 482.275(4) provides:

> Every license plate must at all times be securely fastened to the vehicle to which it is assigned so as to prevent the plate from swinging and at a height not less than twelve inches from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and must be maintained free from foreign materials and in a condition to be clearly legible.

No Nevada case has construed the statute. The statute is materially similar to California Vehicle Code § 5201, which provides in part:

> License plates shall at all times be securely fastened to the vehicle for which they are issued so as to prevent the plates from swinging, shall be mounted in a position so as to be clearly visible, and shall be maintained in a condition so as to be clearly legible.

In *People v. Duncan*, *supra*, the California Court of Appeals was presented with the same issue raised in this motion to suppress. Duncan was pulled over for a violation of California Vehicle Code § 5201 because the license plate on his vehicle was displayed upside down. Duncan claimed that the officer lacked reasonable suspicion to conduct the traffic stop because an upside down plate was not a violation of Section 5201. Duncan also argued that the court was required to read the statute narrowly, and that there was no case law imposing a requirement that a license plate be displayed right-side up. The court held, in an issue of first impression, that an upside down automobile license plate was not "clearly legible," and constituted a lawful basis to stop the defendant's automobile.

The Court of Appeal applied California law governing interpretation of a statute under applicable California law. Under applicable California law the court must ascertain the legislative intent to effectuate the purpose of the law. 160 Cal. at 4th, at 1018. The court first looks to the words of the statute giving them their usual and ordinary meaning. *Id*. at 1019. If the statute is not

ambiguous, "the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." *Id*. The court found that Section 5201 imposed three requirements: (1) that the license plate be securely fastened to prevent swinging; (2) that it be clearly visible; and (3) that it be clearly legible. The Court of Appeals agreed with the trial court that an upside down license plate is not clearly legible. The court relied on dictionary definitions to conclude that the words "clearly legible" were not ambiguous. Under standard dictionary definitions, the word "clearly" means "without equivocation; decidedly." *Citing Random House Unabridged Dict* (2nd Ed. 1993) p. 384 "clearly suggests without doubt or obscurity." *Id. Webster's Ninth New Collegiate Dictionary* (1987) p. 247, also defines the word "clearly" as "clearly suggests without doubt or obscurity . . . free from obscurity . . . unmistakable . . . unhampered by restriction or limitation." The word "legible" is defined as "capable of being read or deciphered, esp. with ease . . . easily readable." *Random House Unabridged Dictionary* (2nd Ed. 1993) p. 1099.

Based on these dictionary definitions, the Court of Appeals concluded that when the California Legislature used the phrase "clearly legible" for purposes of Section 5201, it "intended for the information on a license plate to be read with ease and without doubt or mistake." *Id.* The Court of Appeals therefore concluded that "it would be a violation of the statute to mount the license plate upside down, which would make the plate more difficult or confusing to read." The Court of Appeal agreed with the trial court that some people are able to read things upside down although it takes a while. *Id*. However, an upside down license plate is more difficult and confusing to read and violates Section 5201. *Id*.

The court is persuaded by the reasoning of the California Court of Appeals. The rule of lenity is a long-standing principle that courts must construe ambiguous criminal statutes narrowly to avoid "making criminal law in Congress's stead." *United States v. Santos*, 553 U.S. 507, 517 (2008), *superceded by statute on other grounds as stated in United States v. Elder*, 682 F.3d 1065, 1072 n.3 (8th Cir. 2012). The court finds that NRS 482.275(4) is not ambiguous. It is a fundamental principle of statutory construction that if a statute does not define words, they will be interpreted according to their ordinary, contemporary, and common meaning. *Perrin v. United States*, 444 U.S. 37, 42 (1979). NRS 482.275(4) does not define the phrase "clearly legible." However, the court agrees with the California

1  Court of Appeals that the words "clearly legible" are unambiguous words that have plain, ordinary and
2  common meaning which may be derived from standard dictionary definitions.  An upside down license
3  plate is not easily readable.  The court therefore concludes that it is a violation of NRS 482.275(4) to
4  display a license plate upside down.  DeAlba concedes the license plate was displayed upside down.
5  The officer therefore had reasonable suspicion to conduct the traffic stop.  Therefore, the tangible and
6  testimony evidence derived from the stop need not be suppressed under the fruit of the poisonous tree
7  doctrine.

8       For these reasons, it is **RECOMMENDED** that DeAlba's Motion to Suppress for Fourth
9  Amendment Violations (Dkt. #21) be **DENIED**.

10       Dated this 14th day of September, 2012.

12       _____
     Peggy A. Leen
13       United States Magistrate Judge